IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD HEARY,<br>   Petitioner<br><br>v.<br><br>LOUIS FOLINO, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br>   Respondents. | :<br>:  CIVIL ACTION<br>:<br>:<br>:  NO.  06-0574<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER AND MEMORANDUM

### ORDER

**AND NOW** this 29th day of September, 2006, upon consideration of the Petition for Writ of Habeas Corpus filed by pro se petitioner Richard Heary pursuant to 28 U.S.C. § 2254 (Doc. No. 1, filed February 8, 2006); the Brief in Support (Doc. No. 4, filed May 1, 2006); respondent's Response to Petition for Writ of Habeas Corpus (Doc. No. 7, filed June 5, 2006); the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi dated June 26, 2006 (Doc. No. 8); petitioner's Objections to Report and Recommendation (Doc. No. 9, filed July 10, 2006); respondent's Response to Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 14, filed August 14, 2006); petitioner's Counterstatement to Respondent's Response (Doc. No. 15, filed August 23, 2006); respondent's Response to Petitioner's Counterstatements to Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 16, filed August 28, 2006); and petitioner's Counterstatements to Response to Petitioner's Counterstatements to [Response to] Petitioner's Objections to the

Magistrate Judge's Report and Recommendation (Doc. No. 17, filed September 7, 2006), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Peter B. Scuderi dated June 26, 2006 is **APPROVED** and **ADOPTED** except as noted in the attached Memorandum;

2. Petitioner's Objections to the Magistrate's Report and Recommendation are **OVERRULED**;

3. The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**; and

4. A certificate of appealability will not issue on the ground that petitioner has not made a substantial showing of a denial of a constitutional right as required under 18 U.S.C. § 2253(c)(2).

## **MEMORANDUM**

### **I. INTRODUCTION**

Petitioner Richard Heary is currently incarcerated in the State Correctional Institute in Waynesburg, Pennsylvania. On February 8, 2006, he filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and raising inter alia the following claims: (1) insufficient evidence; (2) insufficient weight of the evidence; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; and (5) violations of the Due Process and Equal Protection clauses of the United States Constitution.

The petition was referred to Magistrate Judge Peter B. Scuderi for a Report and Recommendation. In the Report and Recommendation dated June 26, 2006, the Magistrate Judge recommended that the petition be denied. Petitioner filed Objections to the Report and

Recommendation, which address only one of petitioner's claims: that trial counsel was ineffective for failing to present expert testimony that petitioner was incapable of forming the specific intent to kill.

The Court agrees with those parts of the Report and Recommendation that are not subject to petitioner's Objections, and approves and adopts them. The Court writes in order to explain its ruling on petitioner's Objections, which are denied.

## II. FACTS

The facts and procedural history of this case are set forth in detail in the Report and Recommendation dated June 26, 2006.  They are repeated in this Memorandum insofar as necessary to address petitioner's Objections.

On January 7, 2000, Judge James A. Lineberger of the Court of Common Pleas of Philadelphia County found petitioner guilty of first-degree murder, recklessly endangering another person, risking a catastrophe, criminal conspiracy, and possessing an instrument of crime.  The court subsequently sentenced petitioner to life imprisonment for the murder conviction, and issued concurrent sentences of fifteen to thirty years for conspiracy, two to four years for risking a catastrophe, and one to two years for reckless endangerment and possessing an instrument of a crime.

Petitioner filed a direct appeal to the Pennsylvania Superior Court, arguing <u>inter alia</u> that trial counsel was ineffective for not presenting expert testimony that petitioner was incapable of forming the specific intent to kill.  In support of this claim, petitioner proffered an October 13, 2001 letter/report from Dr. Steven E. Samuel, a psychologist.  Dr. Samuel broadly concluded that petitioner's long-term drug and alcohol use, and petitioner's drug and alcohol use on the day of the

shooting, "influenced [petitioner] at the time of the shooting such that they effected [sic] his cognitive functions of deliberation and premeditation necessary to formulate specific intent to [kill]." On March 4, 2002, the Superior Court rejected this claim on the ground that "Dr. Samuel's purported testimony would have been cumulative and unhelpful in assessing Heary's state of mind at the time of the killing." Commonwealth v. Heary, No. 988 EDA 2000, at 5 (Pa. Super. Mar. 4, 2002) (emphasis omitted).

Petitioner's claim of ineffective assistance of counsel for failing to call an expert witness in psychology at trial was included in the instant pro se Petition for Writ of Habeas Corpus. Upon review, the Magistrate Judge agreed with the Superior Court's assessment and concluded that the ruling on this claim was neither "contrary to" nor "an unreasonable application" of federal law.

On July 10, 2006, petitioner filed Objections to [the] Report and Recommendation, repeating the claim that trial counsel was ineffective for failing to present expert testimony regarding the effects of drug and alcohol use on petitioner's specific intent to kill. In his Objections, petitioner argues that the Magistrate Judge failed to properly weigh the evidence presented at trial, and that "the testimony of an expert witness may well have tipped the scale toward an acquittal." Objections at 2. In Counterstatements filed August 23, 2006, petitioner further argues that lay testimony did not replace the proffered expert testimony, because an expert would have testified as to "specific matters not known or understood by the average layman." Counterstatements at 4, see also Objections at 1-2.

## III. STANDARD OF REVIEW

Where a court refers a habeas petition to a magistrate judge, "the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made. . . . [T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(c).

## IV. ANALYSIS OF PETITIONER'S OBJECTIONS

### A. Applicable Law

To prevail on an ineffective assistance of counsel claim, petitioner must show "both that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and that counsel's deficiencies prejudiced him." United States v. Sanders, 165 F.3d 248, 250 (3d Cir. 1999), Strickland v. Washington, 466 U.S. 668, 687 (1984). Moreover, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Id. at 697. With regard to the prejudice prong of Strickland, it is not necessary that a defendant demonstrate that the outcome would have been different. Rather a defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The standard announced in Strickland constitutes "clearly established federal law" for the purposes of 28 U.S.C. § 2254. Williams v. Taylor, 529 U.S. 362, 391 (2000). Thus, the Court must determine whether the Superior Court's decision to deny petitioner's ineffective assistance of counsel claim, on direct appeal, was contrary to, or involved an unreasonable application of, the

Strickland standard.[1] The "contrary to" clause applies where a state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. The "unreasonable application" clause applies where a state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

**B. Petitioner's Objections**

Petitioner asks the Court to reject the Superior Court's decision of March 4, 2002, and instead, rule that trial counsel was ineffective. The Superior Court denied petitioner's ineffective assistance of trial counsel claim on the ground that Dr. Samuel's testimony "would have been cumulative and unhelpful in assessing [petitioner's] state of mind at the time of the killing." Commonwealth v. Heary, No. 988 EDA 2000, at 5 (Pa. Super. Mar. 4, 2002) (emphasis omitted). The Magistrate Judge agreed that the evidence was cumulative, and therefore noted that petitioner was not prejudiced by counsel's failure to present the proffered evidence. Report and Recommendation, at 14 n.4.

This Court concludes that the proffered expert testimony on the scientific effects of petitioner's drug and alcohol use is of a different type than testimony on petitioner's substance

---

[1] 28 U.S.C. § 2254(d) provides, in relevant part, that an application for a writ of habeas corpus shall not issue unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

abuse received in evidence at trial. Thus, the Court views the proffered evidence as "more than just 'cumulative.'" Jermyn v. Horn, 266 F.3d 257, 286 (3d Cir. 2001). Nevertheless, the Court concludes that the failure to present this evidence did not prejudice petitioner. Cf. id. (finding that proffered evidence was not cumulative, as held by the Pennsylvania Supreme Court, but that petitioner was not prejudiced by its omission).

The trial court heard extensive evidence of petitioner's long-term drug and alcohol use and of petitioner's drug and alcohol use on the day of the shooting. Moreover, the prosecution presented extensive evidence of petitioner's specific intent to kill. As summarized by the Superior Court:

> The evidence presented at trial showed that, a few minutes after threatening to torch the house where Fernandez resided, Heary returned to the house and knocked on the front door. At that point, Heary was in possession of a .38 caliber revolver. When Fernandez stuck her head out of the second floor bedroom window, Heary aimed the gun up at the window and shot Fernandez in the head, killing her. After the shooting, Heary admitted to the police that he 'shot the bitch,' and that he 'was coming back [the following day] to get the rest of them.

Commonwealth v. Heary, No. 988 EDA 2000, at 9 (Pa. Super. Mar. 4, 2002) (citations omitted). Given the strength of the evidence on this issue, petitioner has not demonstrated that "but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different." Medina v. Diguglielmo, --- F.3d ----, 2006 WL 2506379, *11 (3d Cir. 2006) (quoting Strickland, 466 U.S. at 694).

Petitioner argues that Dr. Samuels' letter/report was merely "preliminary" and that "petitioner should not be held liable for any failures of counsel to ensure that a full scale evaluation and scientific explanation was written in the letter for any conclusions reached . . ." Objections (Doc. No. 9, filed July 10, 2006) at 4 (emphasis omitted). In view of the substantial

evidence of guilt, including evidence of petitioner's long term drug and alcohol use, and evidence of petitioner's drug and alcohol use on the day of the shooting, the Court rejects this argument. Petitioner has failed to establish prejudice, and the Court need not reach the issue of counsel's performance. Strickland, 466 U.S. at 697.

The Superior Court correctly identified the ineffectiveness standard, and, in essence reached the same conclusion as this Court–that petitioner was not prejudiced. Although the Superior Court grounded that part of its opinion on the determination that the proffered evidence was cumulative, a determination with which this Court disagrees, the result is the same. Petitioner was not prejudiced by the failure to call the expert witness. Thus, the Court concludes that the Superior Court's decision is not contrary to, and does not unreasonably apply, Strickland to the facts of petitioner's case. In so ruling this Court notes that "'under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly.'" Woodford v. Visciotti, 537 U.S. 19, 27 (2002) (per curiam) (quoting Bell v. Cone, 535 U.S. 685, 699 (2002)).

**V. CONCLUSION**

Given the nature of the evidence presented at trial, the Court concludes that the omission of expert testimony did not prejudice petitioner. Accordingly, the Court overrules petitioner's Objections, and dismisses the Petition for Writ of Habeas Corpus with prejudice.

                                        **BY THE COURT:**

                                        **/s/ Honorable Jan E. DuBois**

                                        **JAN E. DUBOIS, J.**